Pearson, J.
 

 His Honor erred in holding, that the plain tiffs were entitled to recover. Upon the first count, they could not recover, because there was no privity, between them and the intestate of the defendant. To create a privity, it was necessary to prove, that Mrs. Hardy,in renting the premises, acted as their agent, in which case they would be allowed to sue in their own names, the contract being made for them, although the agency was not expressly made known at the time of the renting. There is, in this case, no proof of an agency. The fact, that the land belonged to the plaintiffs, had no tendency to prove it. Indeed, Mrs. Hardy seems to have acted under the impression, that she had a right to rent the land, as the administratrix of Edward Hardy. It was at the election of the plaintiff to treat her as a wrong doer or a,g their agent, but they are not at liberty, by
 
 supposing
 
 her to be an agent, thereby to affect the rights of third persons and make a privity when none before existed. The defendant’s intestate as lessee of Mrs. Hardy was es-topped from clenying the title of his lessor, and in an action by her,"could not defend, by showing title in a third person, and that he had
 
 paid the rent to
 
 that third person.
 

 The same objections apply to the second count, assuming that an action on the case for rent can be maintained upon an implied assumpsit, on the authority of the case of
 
 Hayes
 
 v.
 
 Acre,
 
 Conf. Repts. 19., and
 
 Cummings
 
 v.
 
 Noyes, 10.
 
 Massachusetts Rep.
 
 443.,
 
 which are opposed to the
 
 *179
 
 English cases, unless the contract is admitted by the pleadings.
 
 Mason
 
 v.
 
 Beldham,
 
 3 Mod. 73.
 
 Shuttleworth
 
 v.
 
 Garnet,
 
 id. 210. Buller’s
 
 nisi prius
 
 138. In England the action is given by, 11 Geo. 2. ch. 13. In this case there is no privity between the plaintiffs and the defendant’s intestate, from which a contract can be implied. It is true, that in many cases, for the sake of the remedy, a tort may be waived, and assumpsit brought on an implied contract, but that is never allowed, when there is an express contract with a third person, for it involves an absurdity to imply a contract to pay one person, when there is an express contract to pay another, and the implied contract will be no answer to the action of the latter, as it would not be in this case, for the reasons above stated.
 

 The third count cannot be sustained, for there is no proof, that any money was received by the defendant’s intestate.
 

 It is unnecessary to notice the othér point'in reference to the decree. This action seems to have been brought by the plaintiffs, who are infants, instead of being brought by Mrs. Hardy, with whom the contract was made, to avoid the statute of limitations. We think the action will not lie in their names.
 

 There must be a
 
 venire de novo.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.